**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570


**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiff
The Law Office of Kelly Jones
kellydonovanjones@gmail.com
Direct 503-847-4329


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| **BRANDON DEVRIES,**<br>an Oregon consumer,<br><br>    Plaintiff,<br><br>  v.<br><br>**VIVINT, INC.,**<br>a foreign corporation,<br><br>    Defendant. | Case No. 3:17-cv-1286<br><br>**COMPLAINT**<br><br>Unlawful Trade Practices<br><br>28 U.S.C. § 1332<br><br>Demand for Jury Trial |


**COMPLAINT** – Page 1 of 7

1.

## THE PARTIES AND JURISDICTION

Plaintiff Brandon deVries is an Oregon consumer and a "person" as that term is defined at ORS 646.605(4).

2.

Defendant Vivint, Inc. is a multi-million-dollar Utah corporation that regularly advertises and sells its security systems and services to Oregon homeowners and is a "person" as that term is defined at ORS 646.605(4).

3.

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. § 1391 because plaintiff resides in Yamhill County, Oregon. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

4.

## FACTUAL ALLEGATIONS

To gain an advantage over its competitors and to increase profits, defendant misrepresented the terms of its security system and services to plaintiff, causing plaintiff an actual ascertainable loss of monthly fees for services he did not ask for and had no use for.

**COMPLAINT** – Page 2 of 7

5.

In or around March 2015, defendant represented to plaintiff that if he bought defendant's security system and services, he could put the services on hold and pay no monthly service fees after he sold his home. Defendant knew plaintiff intended to sell his home in the near future and would have no immediate need or use for defendant's security system and services after his home sold. Plaintiff asked and was told in no uncertain terms that he could put defendant's services on hold and pay no monthly service fees from the time plaintiff sold his home to the time plaintiff purchased another home where he could resume using defendant's services.

6.

Plaintiff sold his home in or around October 2015 and requested his services be put on hold until he purchased another home where he could use defendant's services. Plaintiff later discovered that defendant had begun charging him monthly fees for services he had no need or use for, contrary to the representation defendant made to plaintiff to induce plaintiff into purchasing defendant's services. Plaintiff would not have purchased defendant's services if not for defendant's representation that plaintiff could put its services on hold and pay no monthly service fees until he purchased another home where he could use defendant's services.

**COMPLAINT** – Page 3 of 7

7.

Defendant's malicious behavior as alleged in this complaint was in pursuit of profit and stood to give defendant an unfair advantage over other security companies that chose to follow the law. Defendant's behavior violated the common standards required of corporations by the Oregon community. Plaintiff respectfully requests punitive damages from defendant.

8.

## CAUSES OF ACTION

### – Claim 1 –

### Unlawful Trade Practices

Defendant willfully and maliciously violated ORS 646.608, including and not limited to subsections (1)(e) and (1)(i) and (1)(s) as alleged above, causing plaintiff ascertainable losses of monthly fees. But for his reliance on defendant's representations and false advertisements as alleged in this complaint, plaintiff would not have incurred these monthly fees. Under ORS 646.638, plaintiff is entitled to fair compensation, punitive damages, and reimbursed fees and costs.

9.

### – Claim 2 –

### Unjust Enrichment

As a matter of justice and equity, defendant should not be able to retain the profits it made from charging plaintiff for services he did not ask for and had no use for, and did not use. Plaintiff is entitled to restitution based on defendant's unjust enrichment as alleged in this complaint.

10.

Demand for jury trial.

**COMPLAINT** – Page 5 of 7

## PRAYER FOR RELIEF

Plaintiff requests an order that defendant willfully violated the Oregon Unlawful Trade Practices Act, and judgment for restitution, fair compensation, punitive damages, reimbursed fees and costs, in favor of plaintiff against defendant.

Plaintiff reserves the right and may intend to amend this complaint to include additional claims as new information is discovered.

August 18, 2017

RESPECTFULLY FILED,

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT** – Page 6 of 7

## PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

August 18, 2017

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT** – Page 7 of 7